**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **MARY K. MACKANIN,** | ) | **No. 11 C 3648** |
| | ) | |
| **Debtor** | ) | **Judge Ronald A. Guzmán** |
| _____ | ) | |
| **VILMA HERNANDEZ, as Mother** | ) | |
| **and Next Friend of CARLOS** | ) | **Appeal from** |
| **JOVAL, a minor,** | ) | **U.S.B.C. No. 09-13314** |
| | ) | |
| **Appellant,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MARY K. MACKANIN,** | ) | |
| | ) | |
| **Appellee.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Vilma Hernandez appeals Bankruptcy Judge Squires' April 15, 2011 order denying her motion to reopen Mary K. MacKanin's ("Debtor's") bankruptcy case to modify the discharge injunction. For the reasons provided below, the Court affirms the bankruptcy court's order.

**Facts**

On July 24, 2007, Hernandez gave birth at Northwest Community Hospital and was cared for by, among others, Debtor, a certified nurse midwife who was employed by Ob-Gyne Associates. (Br. Pl.-Appellant 6.) Hernandez's baby, Carlos Joval, was born with severe and permanent brain damage. (*Id.* 5-6.)

On October 18, 2007, Hernandez filed a medical malpractice suit against the hospital, Ob–Gyne and some of the medical professionals who cared for her during labor and delivery, but

did not name Debtor as a defendant. (*Id*. 6-7; *see* Mot. Extend Time File Compl. Objecting Discharge Debtor, Ex. B, Compl., *Hernandez v. Nw. Cmty. Hosp.*, No. 2007 L 11661 (Cir. Ct. Cook Cnty.), Dkt. No. 16.)

In October 2008, Debtor's employment with Ob-Gyne ended. (Br. Def.-Appellee 2.) Because its insurance policy no longer covered Debtor, Ob-Gyne bought a new tail insurance policy to cover any and all potential claims arising from Debtor's employment with Ob-Gyne. (*Id*. 2-3.)

On April 15, 2009, Debtor filed for Chapter 7 bankruptcy relief. (Br. Pl.-Appellant 7.) Debtor did not list Hernandez in the schedule of creditors. (*Id*.)

On July 28, 2009, after learning about the malpractice suit, Debtor told Hernandez's counsel about the bankruptcy. (*Id*.)

On August 7, and 18, 2009, respectively, Hernandez asked the bankruptcy court for an extension of time to file a complaint objecting to discharge and to lift the automatic stay so she could add Debtor as a defendant to the malpractice suit. (*Id*. 7-8.) On August 21, 2009, Judge Squires granted both motions and gave Hernandez until October 9, 2009 to file a complaint objecting to discharge. (*In re MacKanin*, 09 B 13314, Aug. 19, 2009 Orders, Dkt. Nos. 21-22.)

Hernandez did not, however, file a complaint, or seek an extension of time do so, by that date. (Br. Pl.-Appellant 9.) Consequently, on October 14, 2009, Judge Squires discharged the Debtor. (*Id*.) On October 19, 2009, he dismissed the case. (*Id*. 10.)

After the discharge and a period of unemployment, Debtor obtained a license and credentials in Texas and was hired by a Texas university to train and supervise medical students and interns in labor and delivery. (Br. Def.-Appellee 4-5.) Her position is funded by grants. (*Id*.)

On September 24, 2010, Hernandez named Debtor as a defendant in the malpractice suit and "demand[ed] judgment against the [Debtor], individually and as agent and servant of OB-GYNE Associates, . . . in an amount in excess of $50,000.00." (*See* Motion Reopen, Ex. D, Am. Compl., Count IV ¶ 10, Dkt. No. 26-4.) Debtor moved to dismiss, arguing that the bankruptcy discharge order barred Hernandez's claims. (Br. Pl.-Appellant 14.) The state court agreed and dismissed Hernandez's claims against Debtor. (*Id.* 14-17.)

On February 28, 2011, Hernandez asked the bankruptcy court to reopen the case and modify the discharge order. (Br. Def.-Appellee 5.) The bankruptcy court denied the motion, saying:

> [A]lthough I do have the discretion to reopen, I'm going to sustain the debtor's objections thereto in part because the court had previously, while the case was still open, afforded an opportunity to the movant/creditor by granting a stay lift order while the case was still open and alive, and extended the time for objections to discharge and dischargeability. And so, the creditors had an opportunity, which has basically been blown through, not taking the benefit of the stay lift order, to do what was going to be done in the state court litigation . . . .
>
>  . . . .
>
> This is a laches situation. It's not a common occurrence, but here we've got a debtor who is normally the movant on [a motion] to reopen a case, and here the debtor is objecting for, I think adequate cause. . . . I think laches is present here, so I will sustain the objection . . . and deny the motion.

(April 15, 2011 Hr'g Tr. 2-3, 8-9, Dkt. No. 51.)

## Discussion

The Court reviews Judge Squires' denial of Hernandez's motion to reopen for abuse of discretion. *Redmond v. Fifth Third Bank*, 624 F.3d 793, 798 (7th Cir. 2010); *see* 11 U.S.C. § 350(b) (permitting a bankruptcy judge to reopen a case "to administer assets, to accord relief to the debtor,

or for other cause"). "[A] court abuses its discretion when its decision is premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied." *Corp. Assets, Inc. v. Paloian*, 368 F.3d 761, 767 (7th Cir. 2004).

The bankruptcy court denied the motion to reopen on the grounds of laches. "[L]aches bars an action when the plaintiff's delay . . . (1) is unreasonable and inexcusable, and (2) materially prejudices the defendant." *Smith v. Caterpillar, Inc.*, 338 F.3d 730, 733 (7th Cir. 2003). Hernandez contends that neither element was satisfied here.

With respect to delay, the record shows that Hernandez was told about the bankruptcy on July 28, 2009, and by mid-August, had asked the bankruptcy court to lift the automatic stay and for an extension of time to file a complaint objecting to discharge. Judge Squires granted both requests and gave Hernandez until October 9, 2009 to file a complaint. Inexplicably, however, she did not file a complaint or ask the bankruptcy court for more time to do so, by that date. In fact, she had no contact at all with the bankruptcy court until September 24, 2010, nearly a year after the Debtor had been discharged and the bankruptcy case dismissed. Hernandez attributes the delay to various factors relating to the malpractice suit, *see* Br. Pl-Appellant 9-13, 28-36, none of which explains or excuses her failure to comply with Judge Squires' deadline or her year-long disregard of the bankruptcy proceedings.

Judge Squires found the delay prejudicial to Debtor because reopening the case would, given the amended complaint Hernandez had filed in the malpractice suit, expose Debtor to liability beyond the amount of insurance proceeds and impede her fresh start. Hernandez contends that there is no basis for the court's conclusion because she expressly limited her claim against Debtor to the

4

amount of her insurance coverage. The amended malpractice complaint, however, belies Hernandez's contention. (*See* Motion Reopen, Ex. D, Am. Compl., Count IV, Dkt. No. 26-4.) It does not contain a limited damage request but "demands judgment against the [Debtor], individually and as agent and servant of OB-GYNE Associates, . . . in an amount in excess of $50,000.00." (*Id.* ¶ 10.) Thus, Judge Squires reasonably concluded that unlike a claim for a declaration of liability, Hernandez's claim against Debtor for a money judgment in the full amount of the claimed damages would impair a Debtor's fresh start. *See In re Hendrix*, 986 F.2d 195, 197 (7th Cir. 1993) (stating that "a suit to collect merely the insurance proceeds and not the plaintiff's full damages . . . would not create a 'personal liability of the debtor' . . . , and hence . . . would not infringe the [bankruptcy] discharge"); *In re Shondel*, 950 F.2d 1301, 1304 (7th Cir. 1991) (stating that debtors "'suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for recovery against insurers'" (quoting *In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 736 (7th Cir. 1991)).

In short, the record shows that: (1) Hernandez inexcusably failed to file a complaint objecting to Debtor's discharge despite having had ample opportunity to do so; (2) after the discharge injunction was entered, Hernandez asserted a malpractice claim against Debtor personally for a money judgment in the full amount of Hernandez's damages; and (3) before the claim was asserted, Debtor had relied on the discharge to obtain a license, credentials and employment in another state. Thus, it was not an abuse of discretion for Judge Squires to deny Hernandez's motion to reopen on the grounds of laches.[1]

---

[1]Hernandez also argues that laches cannot be applied to a minor. Because, however, she did not raise that issue in the bankruptcy court, it is waived. *In re Sokolik*, 635 F.3d 261, 268 (7th Cir. 2011) ("This court has held that when an issue was not raised in the bankruptcy court, a

**Conclusion**

For the reasons set forth above, the Court affirms the Bankruptcy Court's order of April 15, 2011 denying Hernandez's motion to reopen the case.  This case is terminated.

**SO ORDERED.**                                              **ENTERED:  March 30, 2012**

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**

---

finding that the issue is waived at the district court level is the correct result, since to find otherwise would permit a litigant simply to bypass the bankruptcy court." (quotation omitted)), *cert. denied*, *Busson-Sokolik v. Milwaukee Sch. of Eng'g*, 121 S. Ct. 2029 (Jun. 20, 2011).